1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10
11   MARC EXTER JERNIGAN,                 Case No.:  15cv2793-BTM (RBB)
12                         Petitioner,    **ORDER DENYING REQUEST FOR**
13   v.                                   **APPOINTMENT OF COUNSEL**
                                          **[ECF NO. 6]**
14   MERRIEN EDWARD, Warden,
15
16                         Respondent.
17

18          Petitioner Marc Exter Jernigan, a state prisoner proceeding pro se, filed a Petition

19   for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 11, 2015 [ECF

20   No. 1].[1]  Petitioner submitted a "Request for Appointment of Counsel and Declaration of

21   Indigence" (the "Request for Appointment of Counsel"), which was filed nunc pro tunc

22   to January 15, 2016 [ECF No. 6].  Jernigan then submitted a "[Memorandum] of Points

23   and Authorities Request for Appointment of Counsel and Declaration of Indigence,"

24

25   —————————————

26   [1]  The Court will cite to all documents using the page numbers assigned by the Court's
27   electronic case filing system.

                                          1
28                                                          15cv2793-BTM (RBB)

which was filed nunc pro tunc to February 5, 2016 [ECF No. 8].  Petitioner subsequently submitted another "[Memorandum] of Points and Authorities Request for Appointment of Counsel and Declaration of Indigence," filed nunc pro tunc to March 25, 2016 [ECF No. 14].[2]  Jernigan asserts that he should be appointed counsel because he is indigent and is unable to afford counsel.  (Req. Appointment Counsel 1, ECF No. 6.)  Further, Petitioner states that the complexity of his case and his lack of knowledge in the law and forensics warrant appointment of counsel.  (Am. Mem. P. & A. Req. Appointment Counsel 2-3, ECF No. 14.)  No opposition was filed.  For the reasons explained below, the Request for Appointment of Counsel [ECF No. 6] is **DENIED** without prejudice.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners.  Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  Nonetheless, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever "the court determines that the interests of justice so require . . . ."  18 U.S.C.A. § 3006A(a)(2)(B) (West 2015); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).  The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition.  Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); see also Rule 8(c), Rules Governing § 2254 Cases, Rule foll. 28 U.S.C.A. § 2254 (West 2006) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. §

---

[2]  The substantive arguments in the second Memorandum of Points and Authorities are exactly the same as those in the first.  (Compare Mem. P. & A. Req. Appointment Counsel 1-2, ECF No. 8, with Am. Mem. P. & A. Req. Appointment Counsel 2-3, ECF No. 14.)

1  3006A.").  Otherwise, the appointment of counsel is discretionary.  See Terrovona, 912

2  F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah, 18 F.3d at 573.

3       "Indigent state prisoners applying for habeas relief are not entitled to appointed

4  counsel unless the circumstances of a particular case indicate that appointed counsel is

5  necessary to prevent due process violations."  Chaney, 801 F.2d at 1196 (citations

6  omitted); Knaubert, 791 F.2d at 728-29.  A due process violation may occur in the

7  absence of counsel if the issues involved are too complex for the petitioner.  In addition,

8  the appointment of counsel may be necessary if the petitioner has such limited education

9  that he or she is incapable of presenting his or her claims.  Hawkins v. Bennett, 423 F.2d

10 948, 950 (8th Cir. 1970).  "To determine whether appointment of counsel is required for

11 habeas petitioners with nonfrivolous claims, a district court should consider the legal

12 complexity of the case, the factual complexity of the case, the petitioner's ability to

13 investigate and present his claim, and any other relevant factors."  Abdullah, 18 F.3d at

14 573 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams,

15 788 F.2d 1319, 1322-23 (8th Cir. 1986)).

16      Because these factors are useful in determining whether due process requires court-

17 appointed counsel, they are considered to the extent possible based on the record before

18 the Court.  Jernigan asserts that he is indigent and cannot afford counsel.  (Req.

19 Appointment Counsel 1, ECF No. 6.)  Petitioner contends, "My total current assets are

20 $ 0.01 cent, and my income after paying into my 55% restitution is approximately []

21 $7.00 per month . . . ."  (Id.)  Jernigan attached an Inmate Statement Report and a Work

22 Supervisor's Report to support this assertion.  (Id. at 2-3.)  Petitioner argues that his

23 status as an indigent person and as "a nonprofessional to law" prevents him "from

24 adequately stating and defending this case any further, against the vastly experienced

25 counsel represented now by California Attorney [General's] Office in this case."  (Am.

26 Mem. P. & A. Req. Appointment Counsel 2, ECF No. 14.)

27

28

3

Despite his assertions, Jernigan has sufficiently represented himself to date as evidenced by the documents he has filed with this Court.  Petitioner has prepared and filed the following documents in this action:  a Petition for Writ of Habeas Corpus with over 1,400 pages of exhibits [ECF No. 1], the Request for Appointment of Counsel, [ECF No. 6], and the two memoranda in support of the Request for Appointment of Counsel [ECF Nos. 8, 14].  Jernigan has been able to prepare and file pleadings and motions in this case, so the interests of justice do not weigh in favor of appointing counsel for the Petitioner.  See Terrovona, 912 F.2d at 1181; see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (finding the district court did not abuse its discretion in denying plaintiff counsel, in part because plaintiff adequately filed a complaint and other pre-trial materials).

Jeringan additionally maintains, "[T]he Court must already understand that this is a complex blood and DNA forensics[] case, which I cannot adequately continue to defend without the addition of professional assistance."  (Am. Mem. P. & A. Req. Appointment Counsel 3, ECF No. 14.)  Petitioner explains why the complexity of his case warrants the appointment of counsel:

> As examples, (1) I will need to request and acquire possibly "thousands" of pages of additional forensics[] discovery information, which may date back almost 30 years, to defend against this corrupted blood and DNA forensics[] case.  (2) The acquired forensic discovery information will need to be carefully examined for any additional forensic testing and / or analysis errors that can be later explained to the court by an independent expert criminalist on my behalf.  In addition, I will need the professional assistance of Counsel and / or an investigator, to conduct key interviews and to obtain at least two key affidavit statements in support of my Writ relief claims.

(Id.)  Jernigan argues that as someone not trained in the law or in forensics science, he is already beyond his capabilities in this case.  (Id.)

Yet, from the face of the Petition and the voluminous exhibits filed in support of the Petition, it appears that Jernigan has, at a minimum, a basic understanding of his case.

4

Moreover, "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights.  The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel."  Knaubert, 791 F.2d at 729 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972); Bashor, 730 F.2d at 1234).  As a pro se litigant, Petitioner will be afforded liberal construction of his Petition in this case.

Indeed, the assistance that counsel provides is valuable.  "An attorney may narrow the issues and elicit relevant information from his or her client.  An attorney may highlight the record and present to the court a reasoned analysis of the controlling law." Knaubert, 791 F.2d at 729.  But as the court in Knaubert noted, "[U]nless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court record alone."  Id. (citing Sumner v. Mata, 449 U.S. 539, 545-57 (1981); 28 U.S.C. § 2254(d)).  "Therefore, the additional assistance provided by attorneys, while significant, is not compelling."  Id.

If an evidentiary hearing is ordered, Rule 8(c) of the Rules Governing Section 2254 Cases requires that counsel be appointed to a petitioner who qualifies under 18 U.S.C. § 3006A(a)(2)(B).  Rule 8(c), Rules Governing § 2254 Cases, foll. 28 U.S.C.A. § 2254; see Wood v. Wainwright, 597 F.2d 1054 (5th Cir. 1979).  Additionally, if the Court finds good cause and authorizes discovery, it will appoint counsel if necessary for the effective utilization of any discovery process.  Rule 6(a), Rules Governing § 2254 Cases, foll. 28 U.S.C.A. § 2254 (West 2006).  "A habeas petitioner's interest in release from illegal confinement undoubtedly is high.  However, consideration of remaining factors leads to the conclusion that due process does not require appointment of counsel when an evidentiary hearing is not held."  Knaubert, 791 F.2d at 729.

An evidentiary hearing has not been ordered in this case, and on this basis, Jernigan's request for counsel is premature.  The possibility that Petitioner may need legal assistance in the future does not justify court-appointed counsel at this time.  See

Robinson v. Miller, No. C 11–1339 LHK (PR), 2011 WL 2193393, at *2 (N.D. Cal. June 3, 2011) (denying motion for appointment of counsel as premature).  Under these circumstances, a district court does not abuse its discretion in denying a state prisoner's request for attorney representation; the appointment of counsel is not required in the interests of justice.  See Lamere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

For all of these reasons, Jernigan's Request for Appointment of Counsel [ECF No. 6] is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:  June 10, 2016

Hon. Ruben B. Brooks
United States Magistrate Judge

6