1

2

3

4

5

6

7

8

9

10                 **UNITED STATES DISTRICT COURT**

11                 **SOUTHERN DISTRICT OF CALIFORNIA**

12

13   MARC EXTER JERNIGAN,                    Case No.:  15cv2793-BTM (RBB)

14                                Petitioner,
                                             **ORDER:**
15   v.

16   MERRIEN EDWARD, Warden,                 **(1) ADOPTING THE FINDINGS AND**
                                             **CONCLUSIONS OF UNITED STATES**
17                               Respondent.  **MAGISTRATE JUDGE;**

18
                                             **(2) DENYING PETITION FOR A**
19                                           **WRIT OF HABEAS CORPUS;**

20
                                             **(3) DENYING MOTION FOR STAY**
21                                           **AND ABEYANCE; AND**

22
                                             **(4) GRANTING A LIMITED**
23                                           **CERTIFICATE OF APPEALABILITY**

24

25       Petitioner Marc Exter Jernigan is a state prisoner proceeding pro se with a Petition

26   for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for

27   murder with the use of a deadly weapon, a knife, for which he is serving a sentence of 26

28   years to life in state prison.  (ECF No. 1.)  He raises 54 claims in his 1477-page Petition.

                                        1

1 (Id.)  Respondent[1] has filed an Answer (ECF No. 19) and lodged over 11,000 pages of the
2 state court record.  (ECF Nos. 19–22.)  Petitioner has filed a Traverse.  (ECF No. 26.)

3        United States Magistrate Judge Ruben B. Brooks has filed an exceptionally thorough
4 and well-reasoned 107-page Report and Recommendation ("R&R") which recommends
5 the Petition be denied, and which includes an Order denying Petitioner's Motion for an
6 evidentiary hearing and Motion for discovery.  (ECF No. 36.)  Petitioner has filed
7 Objections to the R&R which includes a renewed request for an evidentiary hearing.  (ECF
8 No. 41.)  He has also filed a Motion for stay and abeyance.  (ECF No. 44.)

9        The Court has reviewed the R&R and Objections pursuant to 28 U.S.C. § 636(b)(1),
10 which provides that: "A judge of the court shall make a de novo determination of those
11 portions of the report or specified proposed findings or recommendations to which
12 objection is made.  A judge of the court may accept, reject, or modify, in whole or in part,
13 the findings or recommendations made by the magistrate judge.  The judge may also
14 receive further evidence or recommit the matter to the magistrate judge with instructions."
15 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine
16 de novo any part of the magistrate judge's disposition that has been properly objected to.
17 The district judge may accept, reject, or modify the recommended disposition; receive
18 further evidence; or return the matter to the magistrate judge with instructions.")

19        Petitioner objects that although the R&R identified 22 claims alleging misconduct,
20 fraud and negligence by prosecution DNA expert Connie Milton, the R&R failed to reach

21

22 [1]  The Warden of the institution where Petitioner is confined, the originally named
23 Respondent, has changed during the pendency of this action.  See www.cdcr.ca.gov (last
24 visited Sept. 13, 2019); see Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998–99 (9th
   Cir. 2010) (taking judicial notice of information posted on government website, the
25 accuracy of which was undisputed).  Because a writ of habeas corpus acts upon the
26 custodian of the state prisoner, see 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254, the
   Court sua sponte substitutes Ralph Diaz, Secretary of the California Department of
27 Corrections and Rehabilitation, as Respondent.  See Ortiz-Sandoval v. Gomez, 81 F.3d
28 891, 894 (9th Cir. 1996) (stating that the respondent in § 2254 proceedings may be the
   chief officer in charge of state penal institutions).

the merits of two of those claims (ECF No. 41 at 2), and objects to the findings and conclusions of the Magistrate Judge that he is not entitled to relief on any of those claims (id. at 3–24). The R&R identified 22 of Petitioner's 54 claims as alleging misconduct, fraud and negligence involving Milton's work (ECF No. 36 at 11–13), and then discussed and analyzed those claims (id. at 12–20). Even assuming Petitioner could demonstrate the Magistrate Judge failed to discuss every detail of his claims challenging Milton's scientific methodology, this Court holds that it was objectively reasonable under 28 U.S.C. § 2254(d) for the state court to find Petitioner was not prejudiced by any alleged misconduct, fraud or negligence by Milton because: (1) the conclusions of three independent DNA experts (Colleen Spurgeon, Amy Rogala and Byron Sonnenberg) essentially confirmed Milton's findings, including that Petitioner's blood was found at the crime scene, (2) Marc Taylor, the defense DNA expert, testified at trial he did not disagree with the findings of Milton, Spurgeon, Rogala and Sonnenberg, and (3) the alleged infirmities in Milton's work were thoroughly exposed and explored at trial. (ECF No. 36 at 16–20.) Petitioner admits he repeats arguments already addressed in the R&R (ECF No. 41 at 19), and his objections to the Magistrate Judge's findings and conclusions regarding these claims (id. at 3–24) fail to demonstrate those findings or conclusions are incorrect, particularly with respect to the prejudice analysis.

Petitioner objects to the findings in the R&R with respect to his 11 claims alleging prosecution DNA expert Sonnenberg and prosecution criminalist Chuck Merritt created false evidence, and contends the R&R failed to address one of those claims (ECF No. 41 at 1), but again repeats arguments addressed in the R&R. (Compare id. at 24–43, with ECF No. 36 at 20–26, 33.) Even assuming he has identified some details of his claims not directly addressed by the Magistrate Judge, this court holds that he has not successfully challenged the overall finding in the R&R that it was objectively reasonable under 28 U.S.C. § 2254(d) for the state court to reject these claims because Petitioner had failed to establish: (1) the evidence was false, (2) the prosecution knew or should have known it was false, or (3) it was material to his guilt or innocence.

15cv2793-BTM (RBB)

Finally, Petitioner objects to the findings in the R&R rejecting his ineffective assistance of counsel claims regarding the failure of his trial counsel to challenge Milton and Sonnenberg regarding their DNA tests, but these too consist primarily of a repeat of arguments considered and rejected by the Magistrate Judge. (Compare ECF No. 41 at 33–38, with ECF No. 36 at 41-57.) This Court holds that it was objectively reasonable under 28 U.S.C. § 2254(d) for the state court to reject these claims because he was not prejudiced by the alleged deficient performance of counsel. Accordingly, the Court **ADOPTS** in full the findings and conclusions of the Magistrate Judge, **OVERRULES** Petitioner's objections and **DENIES** the Petition for the reasons set forth in the R&R.

The Court also confirms the Magistrate Judge's denial of Petitioner's Motion for discovery and Motion for an evidentiary hearing. As set forth in the R&R, an evidentiary hearing is unnecessary because Petitioner's claims can be decided on the merits without development of the record. See McDonald v. Johnson, 139 F.3d 1056, 1060 (9th Cir. 1998) ("The district court had sufficient facts before it to make an informed decision on the merits of McDonald's claim and, accordingly, did not abuse its discretion [under 28 U.S.C. § 2254(e)(2)] in refusing to hold an evidentiary hearing.") Although Rule 7 of the Rules following 28 U.S.C. § 2254 provides for expansion of the record through discovery, such expansion is left to the discretion of the district court, and expansion is not necessary here for the same reason an evidentiary hearing is unnecessary. See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2004) (holding that the provisions of 28 U.S.C. § 2254(e)(2) which apply to evidentiary hearings also apply to expansion of the record under Rule 7 of the habeas rules), overruled on other grounds by Daire v. Lattimore, 812 F.3d 766 (9th Cir. 2016) (en banc).

Finally, on August 26, 2019, over three and one-half years after initiating this action, and nearly five and one-half years after his conviction became final, Petitioner filed a Motion for stay and abeyance in which he requests the Court stay this action and hold his Petition in abeyance while he returns to state court to present "new case discovery" revealing "exculpatory scientific evidence of a 'third party' DNA profile," which he

4

contends "creates reasonable doubt as to [his] guilt," establishes his "actual innocence," and "undermines the prosecution's entire forensic case theory . . . [and] confidence in the verdict." (ECF No. 44 at 2.) The R&R correctly found that the state court adjudication of Petitioner's claim that he was barred from presenting a third-party culpability defense on the basis that the defense allegations of third-party involvement were mostly false or speculative, was objectively reasonable under 28 U.S.C. § 2254(d). (ECF No. 36 at 68–77.) Petitioner does not explain how an additional challenge to the DNA evidence would present a viable challenge to his conviction, particularly in light of the exhaustive discussion in the R&R regarding the DNA evidence, and in fact does not even identify the "new case discovery" he states he has obtained. The Motion for stay and abeyance is entirely conclusory and is **DENIED**.

### CONCLUSION AND ORDER

Having conducted a de novo review of those portions of the Magistrate Judge's findings and conclusions to which Petitioner has objected, the Court **ADOPTS** the Magistrate Judge's findings and conclusions in full, **OVERRULES** Petitioner's Objections, and **DENIES** habeas relief for the reasons set forth in the R&R.

The Court **DENIES** Petitioner's Motion for stay and abeyance.

The Court **GRANTS** a Certificate of Appealability on the following claims:

(1) The exclusion of third-party culpability evidence as to Glazebrook and Peraza discussed at pages 68–77 of the R&R; and

(2) The ineffective assistance of trial counsel and appellate counsel for not objecting and raising vouching by the prosecution in closing argument discussed at pages 99–102 of the R&R.

A certificate of appealability is **DENIED** as to all other claims. The Clerk of Court shall enter judgment accordingly.

DATED: December 26, 2019

_____
BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE

15cv2793-BTM (RBB)